# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JOHN HARDIN,**

    **Plaintiff,**

                                                  **Case No.:**

**v.**

**CITY OF NEW PORT RICHEY, FLORIDA,**

    **Defendant,**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, JOHN HARDIN ("Plaintiff"), by and through his undersigned counsel, and sues Defendant, CITY OF NEW PORT RICHEY ("Defendant"), and states as follows:

## JUSRISDICTION AND VENUE

1.    Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.    Defendant, CITY OF NEW PORT RICHEY, FLORIDA, is political subdivision of the State of Florida and a municipal corporation located in Pasco County, Florida. At all times material, Defendant, CITY OF NEW PORT RICHEY, FLORIDA, employed Plaintiff, HARDIN. At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by the Americans with Disabilities Act and the Florida Civil Rights Act.

4. Plaintiff, JOHN HARDIN, is an adult and a resident of Pasco County, Florida.

5. Plaintiff was an employee of Defendant pursuant to the Americans with Disabilities Act and the Family and Medical Leave Act.

## GENERAL ALLEGATIONS

6. At all times material, herein Defendant acted with malice and reckless disregard for Plaintiff's federal protected rights.

7. At all times material herein, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

8. At all times material herein, Defendant was an employer as defined by the laws under which this action is brought and employee the requisite number of individuals.

9. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUSITES

11. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on May 18, 2018. *A copy of Plaintiff's Charge of Discrimination is attached as **Exhibit A**.*

12. On March 29, 2019, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. *A copy of the Dismissal and Notice of Rights is attached as **Exhibit B**.* The Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights, therefore, Plaintiff has met all conditions precedent to filing this Complaint.

**FACTUAL ALLEGATIONS**

13. In or around March 1997, Plaintiff began his employment with Defendant as an Equipment Operator.

14. During Plaintiff's employment, of approximately twenty (20) years, Plaintiff always understood he was doing a good job.

15. On or about September 9, 2017, in advance of Hurricane Irma, Plaintiff's director, Robert Rivera, held a meeting and stated that essential personnel had to stay in the facility due to the City's needs during the hurricane. The building that Plaintiff was required to stay in was in a mandatory evacuation zone and was not rated for category 4 or category 5 hurricanes. The City did this despite other organizations, including hospitals, deciding to evacuate.

16. Plaintiff is the primary caregiver for his disabled wife, who suffers from several serious health conditions. Due to Plaintiff's situation, Plaintiff spoke with Rivera and hold him that he would not be able to work on Sunday, September 10, 2017 because Plaintiff had to be available to care for his wife, who was recently hospitalized.

17. On September 11, 2017, Plaintiff spoke with Sean Howard (Street and Right of Way Department Leader) about returning to work, but Howard told Plaintiff not to come into work until someone from the City told him to.

18. On September 15, 2017, Plaintiff received a letter (dated September 13, 2017) from Debbie Manns (City Manager) informing Plaintiff that he was terminated from his job for allegedly failing to report for duty. Despite Defendant's policy of providing an employee a disciplinary hearing prior to termination, Plaintiff was not provided a hearing.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT – ASSOCIATIONAL DISCRIMINATION**

19. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs (1) through eighteen (18).

20. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA").

21. Plaintiff is an employee within the meaning of the ADAAA, as amended.

22. Pursuant to 42 U.S.C. §12112(a)-(b)(4) of the ADAAA, no covered employer shall discriminate against a qualified individual on the basis of disability, which includes "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." Plaintiff is an individual who is associated with an individual with a disability; specifically, Plaintiff's wife suffered from a disability. Defendant knew of Plaintiff's spouse's disability and Plaintiff's association/relationship to his spouse.

23. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff because of his association with his wife's disability. Specifically, Defendant discriminated against Plaintiff by terminating his employment with Defendant. The termination occurred under circumstances which raise a reasonable inference that the disability of Plaintiff's spouse was a determining factor in Defendant's decision.

24. Defendant believed that Plaintiff was distracted and somewhat inattentive at work because his spouse's disability required Plaintiff's attention.

25. Stated differently, Defendant was aware that Plaintiff's spouse had a need for Plaintiff's presence at home on occasion and had an unfounded perception that Plaintiff would have to take substantial time away from work in the future to care for his spouse.

26. The above described acts of disability discrimination constitute a violation of the ADAAA, as amended, for which Defendant is liable.

27. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

28. As direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff, JOHN HARDIN, respectfully requests that judgement be entered in his favor against Defendant, CITY OF NEW PORT RICHEY, FLORIDA:

    a. Back pay and benefits;

    b. Front pay and benefits;

    c. Compensatory damages for emotional pain and suffering;

    d. Injunctive relief;

    e. Attorney's fees and costs; and

    f. For any other further relief the Court deems and proper.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT -- INTERFERENCE

29. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through eighteen (18).

30. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

31. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for Defendant during twelve (12) months immediately preceding his being qualified for FMLA leave, and worked at a location where Defendant had at least fifty (50) employees within seventy-five (75) miles.

32. Defendant is a covered employer under the FMLA in that it is a local public agency.

33. Plaintiff's spouse suffered from a serious health condition within the meaning of the FMLA.

34. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights. Specifically, Defendant interfered with Plaintiff's rights by restraining and/or denying Plaintiff's exercise, or attempt to exercise, his rights under the FMLA to care for his spouse who had a serious health condition.

35  Defendant used Plaintiff's otherwise qualified FMLA leave as a negative factor in its decision to terminate his employment.

36. Defendant's actions constitute violations of the FMLA.

37. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, JOHH HARDIN, prays for the following damages against Defendant, CITY OF NEW PORT RICHEY, FLORIDA:

  a. Back pay and benefits;

  b. Front pay and benefits;

  c. Liquidated damages;

  d. Attorneys' fees and costs;

  e. Injunctive relief; and

  f. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

38. Plaintiff request a jury trial on all issues so triable.

**DATED:** May 30, 2019

                **FLORIN GRAY BOUZAS OWENS, LLC**

                */s/ Gregory A. Owens*
                **GREGORY A. OWENS, ESQUIRE**
                Florida Bar No.: 51366
                greg@fgbolaw.com
                **WOLFGANG M. FLORIN, ESQUIRE**
                Florida Bar No.: 907804
                wolf@fgbolaw.com
                16524 Pointe Village Dr., Suite 100
                Lutz, Florida 33558
                Telephone No.: (727) 254-5255
                Facsimile No.: (727) 483-7942
                Attorneys for Plaintiff